RECEIVED
IN ALEXANDRIA, LA.
JAN 2 5 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **CHARLES RAY LACHNEY** (D.O.C. #479864) | **DOCKET NO. 08-CV-1815; SEC. P** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **TOMMY GLOVER, ET AL.** | **MAGISTRATE JUDGE JAMES D. KIRK** |

## REPORT AND RECOMMENDATION

Plaintiff Charles Ray Lachney, proceeding *pro se* and *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 19, 2008 and filed an amended complaint on November 18, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is incarcerated at the Winn Correctional Center (WCC) in Winnfield, Louisiana. He claims to be a victim of excessive force on November 14, 2008, and he seeks only injunctive relief. Plaintiff names as defendants Tommy Glover, Officer Davis, Officer Gaskill, Charles Ray Jackson, Jr., Clifford Brown, Officer Evans, Karl King, Officer Williams, Officer Curry, and King Dimgba.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## Background

Plaintiff alleges that on November 14, 2008, he was subjected to excessive force by Defendants when he was pushed and placed in

wrist and ankle restraints that were too tight when he was being transported from medical to his Cypress cell.

Plaintiff was ordered to amend his complaint, but he initially failed to comply. After an evidentiary hearing on November 12, 2009, Plaintiff submitted a response to the Court's order to amend. [Doc. #21] At the evidentiary hearing, Plaintiff's medical file from WNC was provided to the Court. The file contains records from the date in question. On the morning of November 14, 2008, Plaintiff signed a "Refusal of Treatment" after refusing to take any medication other than Dilantin. Not long after, Plaintiff reported that while he was being transported back to the Cypress Unit, correctional officers grabbed him by the neck and threw him against the fence. He complained that his wrists were swollen from the restraints being too tight. It was noted that Plaintiff had a red area on his wrists (approximately 10cm) and on his ankles (approximately 2 cm). There was no bleeding or broken skin, nor were there any marks or abrasions on Plaintiff's neck, face, or body. Plaintiff did not complain of any type of neck pain.

Plaintiff made additional sick calls on November 17, 2008 (for low back pain from car wreck in 1999) and November 24, 2008 (for a sore throat). He made no complaints related to the incident of November 14, 2008 at those sick calls or on the sick call request form. On the morning of November 27, 2008, Plaintiff complained of wrist pain in his right wrist. He refused to have his vital signs

checked. He was agitated with the staff. There were no visible or palpable abnormalities noted. Plaintiff could rotate the wrist, and his skin was in tact. Plaintiff was provided an ice pack, which he threw on the ground.

### Law and Analysis

1. Exhaustion

It is evident that Plaintiff had not exhausted his administrative remedies at the time he filed the instant lawsuit. The law governing the exhaustion of administrative remedies is 42 U.S.C. § 1997e. In 1996, Congress enacted the Prison Litigation Reform Act, which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court accordingly unanimously concluded that inmates must exhaust their administrative remedies before proceeding to federal court. Booth v. Churner, 532 U.S. 731 (2001). The Supreme Court subsequently held that exhaustion is mandatory and is required for all actions brought by prisoners. Porter v. Nussle, 534 U.S. 516, 524 (2002). The Supreme Court thereafter reiterated that exhaustion is mandatory and will not be excused when an inmate fails to timely exhaust his administrative remedies. Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion also requires that a prisoner satisfy the requirement of "proper exhaustion." Id. at 83. However, in Jones v. Bock, 549 U.S. 1999 (2007), the Supreme Court stated that

"[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211. It was added, however, that the "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Id. at 216. The Fifth Circuit has added, however, that after Jones v. Bock, a complaint is still subject to dismissal for failure to state a claim where the prisoner's failure to exhaust appeared on the face of the complaint. Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007); Torns v. Mississippi Dept. of Corrections, 301 Fed. Appx. 386, 389 (5th Cir. 2008).

In Carbe v. Lappin, the Fifth Circuit stated that a "district court cannot by local rule sidestep Jones by requiring prisoners to affirmatively plead exhaustion." 492 F.3d at 328. Carbe's prohibition encompasses questions in "form complaints" issued by district courts that are designed to elicit information about an inmate's exhaustion of administrative remedies. Torns v. Miss. Dep't of Corr., 301 Fed.Appx. 386, 389 (5th Cir. 2008) (unpublished) (stating a court cannot consider information regarding exhaustion that is elicited by the court's own form complaint). While this District Court's form asks if administrative remedies were exhausted, the Plaintiff's response is not being considered here. His response is irrelevant in this case because it is clear from Plaintiff's allegations that he did not

4

exhaust.

Plaintiff complains that he was subjected to excessive force on **November 14, 2008**; he wrote and signed his complaint on **November 14, 2008**; and, the complaint was docketed on **November 19, 2008**. Even if Plaintiff did submit an administrative remedy form on the date of the incident, his claim could not possibly have been properly exhausted through the Department of Corrections before he filed this suit. Under Jones, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust. See Carbe 492 F.3d 325, 328 (5th Cir. 2007)(citing Jones - Courts can dismiss for failure to state a claim when the existence of an affirmative defense, like a statute of limitations bar, is apparent from the face of the complaint). Because the failure to exhaust is apparent from the face of Plaintiff's complaint, he has failed to state a claim for which relief can be granted.

2.  Frivolous

Even if Plaintiff had exhausted, his claim would be dismissed as frivolous. Plaintiff seeks only injunctive relief. Such relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance. Allied Mktg. Group, Inc. v. CDL Mktg., Inc., 878 F.2d 806, 808 (5th Cir. 1989), appeal after remand, 915 F.2d 1567 (5th Cir.1990). While Plaintiff

complains of his restraints being too tight, he does not express fear or allegations that additional incidents will occur if Defendants are not restrained. Speculative injury is not sufficient to justify the issuance of a temporary restraining order or preliminary injunction. Indeed, an injunction is not appropriate when it is used to prevent the "possibility of some remote future injury." Rather, a presently existing actual threat must be shown to warrant injunctive relief. U.S. v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001), *cert. denied*, 536 U.S. 907 (2002).

As was noted by the Fifth Circuit in Valley v. Rapides Parish School Board, 118 F.3d 1047 (5th Cir. 1997), "[u]nder well settled Fifth Circuit precedent, a preliminary injunction is an extraordinary remedy that should not be granted unless the movant demonstrates by a clear showing: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the nonmovant; and (4) that the injunction will not undermine the public interest." Id. at p. 1051. As noted above, Plaintiff made sick calls three and ten days following the alleged incident of excessive force, and he did not make any complaints of pain resulting from the incident. He has not alleged any threat of irreparable harm or threatened injury.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED and DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief may be granted and as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

**Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of January, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE